## STATE vs. JAMES P. RATLEDGE.

### Criminal Law—Assault and Battery—Evidence.

1. In a trial for assault and battery the defendant's counsel asked the prosecuting witness in cross-examination whether he had brought a civil action for damages against the defendant for the same assault and battery for which the defendant was being tried. *Held* inadmissible.

2. The question, whether the prosecuting witness had not filed charges with the Attorney-General seeking to remove the defendant from his office of State Detective, *held* inadmissible; as was also the further question, whether he did not have charges published in the newspapers for the purpose of influencing the jury against the defendant when the case should come on for trial.

3. The defendant's counsel asked the prosecuting witness if he did not say to a certain person at a certain place that he had brought the action against the defendant before A. B., and had C. D. as his counsel, because he thought in that way he would be able to fix the defendant. *Held* inadmissible.

(*September 23, 1904.*)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*Herbert H. Ward,* Attorney-General, for the State.

*David J. Reinhardt* for the defendant.

Court of General Sessions, New Castle County, September Term, 1904.

ASSAULT AND BATTERY (No. 16, September Term, 1904).

The defendant was indicted at this term for an assault upon one Charles W. Griffenberg at Glasgow in Pencader Hundred on the 8th day of August, 1904, in the store of Samuel Alrichs, where the Regular Republican primary election for delegates to the State convention was being held. The plaintiff testified that he was sitting on the counter in said store and that the defendant and two

·or three others were standing around near him conversing about the manner in which the ticket for delegates had been made up and that he, Griffenberg, became angry and remarked "Do you Union Republicans think you have a right to vote here to-day?" accompanying the remark with a gesture or wave of the hand towards a :group of men including the defendant; that thereupon the defendant stepped up to the prosecuting witness and hit him a blow with his clenched fist on the left cheek from which he suffered pain for :several days. That the prosecuting witness then said to the defendant "You will have this to pay for," to which the defendant replied, "Well, if I've got it to pay for, if you say so I will give you some more and pay for it all together." There was some conflict of testimony as to whether the defendant struck the prosecuting witness with his open hand or clenched fist. The defendant testified that when Griffenberg made the gesture towards him he immediately struck the former a light blow thinking Griffenberg intended to strike him and that the assault on his own part was merely to resent the insulting conduct of Griffenberg. The defendant could not say positively whether his hand was open or ·closed when the blow was delivered.

The defendant's counsel in the course of his cross-examination of the prosecuting witness asked the latter whether he had brought a civil action for damages against the defendant Ratledge for the same assault for which the defendant was being tried.

This was objected to by the Attorney-General as irrelevant. *Mr. Reinhardt* contended that the testimony was admissible in mitigation of the fine which might be imposed should the defendant be convicted, also as showing malice on the part of the complainant, citing *3 Cyclopaedia of Law and Procedure*, (title, "Assault and Battery"), *157; Tatnall vs. Courtney, 6 Houst, 434.*)

LORE, C. J.:—We think the question is not admissible and :sustain the objection.

The witness was then asked if he had not also filed charges with the Attorney-General seeking to remove Mr. Ratledge from his office as State Detective.

Objected to by the Attorney-General as immaterial.

LORE, C. J.:—We think the question is inadmissible.

Q.—Did you not also have those charges published widely in the newspapers for the purpose of influencing the jury against Mr. Ratledge when the case should come up for trial?

Objected to by the Attorney-General as immaterial.

LORE, C. J.:—We think it is not admissible.

Q.—Did you not between the 8th and 12th of August in the City of Wilmington near Eleventh and West Streets, say to Pierce Gould in response to a question of his as to why you brought this action, that you brought it before Judge Cochran because he was a Democrat and you got Irving Handy to represent you because he was a Democrat and you thought the two of them and you would be able to fix Jim, or words to that effect?

Objected to by the Attorney-General as immaterial.

LORE, C. J.:—We think the question is not admissible. It does not bear upon the fact of whether any assault was committed that day at all and is therefore irrelevant.

(The Court gave the usual charge in assault and battery cases.)

Verdict, not guilty.